UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY RUTLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:15CV658 ACL |
| ) | |
| CINDY GRIFFITH, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Jerry Rutlin for a writ of habeas corpus under 28 U.S.C. § 2254. Presently pending is Rutlin's Motion for Discovery. (Doc. 29.) Respondent has filed Suggestions in Opposition to Motion for Discovery (Doc. 31), and Petitioner has filed a Reply (Doc. 32).

A jury found Rutlin guilty of concealing prohibited articles in a correctional facility, and the Circuit Court of St. Francois County, Missouri, sentenced Rutlin to life imprisonment. In his Motion, Rutlin moves the Court pursuant to Rule 6(a) of the Rules Governing § 2254 Cases, to direct the State of Missouri to make available for fingerprint testing the weapon at issue in the underlying criminal case. Rutlin argues that this evidence is relevant to his fifth ground for relief—that trial counsel was ineffective for failing to have the weapon tested for fingerprint evidence. He contends that, had fingerprint evidence been obtained and compared with the fingerprints of Rutlin and other third parties, there is a reasonable probability that exculpatory evidence would have been found.

**I.   Legal Standard**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). Instead,

1

Rule 6(a) authorizes a judge "for good cause, [to] authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a), Rules Governing § 2254 Cases. Under Rule 6(b), the requesting party must provide reasons for the request. To establish good cause, a petitioner must make "specific allegations" that give a court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Newton v. Kemna,* 354 F.3d 776, 783 (8th Cir. 2004) (quoting *Bracy,* 520 U.S. at 904 and 908-09). Rule 6's "good cause" standard requires a petitioner to at least attempt to identify what he expects to uncover through his discovery requests. *Braden v. Bagley,* No. 2:04-CV-842, 2007 WL 1026454, at *2 (S.D. Ohio Mar. 30, 2007). The court will not authorize a petitioner to engage in a "fishing expedition." *Murphy v. Johnson,* 205 F.3d 809, 814 (5th Cir. 2000) ("Simply put, Rule 6 does not authorize fishing expeditions.").

**II.  Discussion**

Rutlin acknowledges that his fifth ground for relief has not been previously presented, and argues that it was not presented in the post-conviction proceedings as a result of ineffective assistance of post-conviction counsel. He states that, under *Martinez v. Ryan*, 566 U.S. 1 (2012), he can show a "substantial" claim of ineffective assistance of trial counsel was not raised in state post-conviction proceedings because of ineffective assistance of post-conviction counsel, which excuses his procedural default of this claim. Rutlin contends the requested fingerprint evidence will demonstrate the prejudice necessary to support the underlying ineffective assistance of counsel claim and excuse his procedural default.

Respondent argues that the motion should be denied because Rutlin provides no good cause for discovery and Rutlin cannot demonstrate an entitlement to an evidentiary hearing under 28 U.S.C. § 2254(e)(2). Respondent argues in the alternative that Rutlin's underlying ineffective

assistance of trial counsel claim is meritless.1

Rutlin responds that he need not meet the standard for an evidentiary hearing set forth in 28 U.S.C. § 2254(e)(2) in order to obtain discovery. He further argues that he is not seeking discovery on the merits of his claim but, rather, to demonstrate that his procedural default of Ground Five is excused under *Martinez*.

*Martinez* allows a petitioner to argue "cause" based on post-conviction review counsel's ineffectiveness for counsel's failure to raise a "substantial" ineffective assistance of trial counsel claim. 566 U.S. at 14.

Section 2254(e)(2) applies to evidentiary hearings, and states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Respondent cites no authority for the proposition that Rutlin must satisfy the requirements of 28 U.S.C. § 2254(e)(2) in order to obtain discovery in support of his *Martinez* claim. As such, the Court declines to impose such a requirement. Rather, Rutlin must demonstrate "good cause" pursuant to Rule 6(a).

Rutlin claims that he has shown good cause for discovery under *Toney v. Gammon*, 79 F.3d 693 (8th Cir. 1996). In *Toney*, the Eighth Circuit Court of Appeals directed that biological

---

[1] Respondent does not indicate whether the State has maintained the evidence from the 2011 trial.

samples be released to the petitioner so that he could conduct DNA testing. 79 F.3d at 693. The Court found that Toney had shown good cause for discovery under Rule 6 when he had claimed throughout the post-conviction proceedings that he was innocent of the crime and that counsel was ineffective for failing to pursue his claim of mistaken identity given the dissimilarities between the witnesses' description of the assailant and Toney's physical characteristics. *Id* at 697-700. The Court also noted that DNA testing was not available at the time of the trial.

This case is distinguishable from *Toney*. Fingerprint testing technology was available at the time of Rutlin's trial. Rutlin knew prior to trial that no fingerprints were taken from the weapon, but did not raise this claim at any point during the trial or post-conviction proceedings. The weapon—"a razor handle that had been removed from the razor and a razor blade melted into the end of it—was found underneath the mattress of Rutlin's bunk along with a pair of Rutlin's pants during a random search. (Doc. 12-1 at 137, 168-69.) The cell had been searched after the previous occupant left the cell, but prior to when Rutlin moved in, and no weapon had been found. *Id.* at 181-84, 239-42.

Prior to trial, counsel discussed the fact that the State had not collected fingerprints from the weapon. (Doc. 12-1 at 14.) Defense counsel stated that he planned to ask the State's witnesses if they collected any fingerprints. *Id.* During cross-examination of State's witness David Wallace, the correctional officer who found the weapon in Rutlin's cell, counsel elicited from Mr. Wallace that no fingerprints were taken of the weapon. *Id.* at 45. Counsel also questioned defense witness James Nicholson, investigator for the Department of Corrections, regarding the lack of fingerprint evidence obtained. *Id.* at 56.

In order to state a claim of ineffective assistance of trial counsel, Rutlin must meet the *Strickland* standard: he must demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

4

Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. *Strickland,* 466 U.S. at 687. To establish prejudice, Rutlin must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The record reveals that counsel's strategy at trial was to use the absence of fingerprinting at trial to create reasonable doubt. If counsel had obtained fingerprint evidence, there is a reasonable possibility it would have resulted in inculpatory evidence. Indeed, other courts have followed this reasoning in rejecting ineffective assistance of counsel claims based on failure to perform scientific testing. *See Rice v. Hall,* 564 F.3d 523, 525(1st Cir. 2009) ("Defense counsel had to consider the likelihood that further forensic testing on items found in the apartment would have provided a link to Rice, thus supplying the missing forensic link"); *Chambers v. Secretary Pennsylvania Department of Corrections*, 442 Fed. Appx. 650, 655-56 (3d Cir. 2011) (relying on *Rice*, finding "Petitioner failed to show that trial counsel was unreasonable for attempting to avoid a comparison test that might have provided the prosecution with damning evidence placing Chambers at the crime scene").

The Court finds that Rutlin has failed to establish good cause for directing the State to make the weapon available for fingerprint testing and to provide comparison fingerprints from other inmates. The current record is sufficient to resolve Rutlin's *Martinez* claim. Because the record does not support Rutlin's claim that trial counsel's performance was constitutionally deficient, he has not shown the presence of a "substantial" ineffective assistance of trial counsel claim to excuse his procedural default of Ground Five. Thus, Rutlin's Motion for Discovery will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Discovery (Doc. 29) is denied.

Dated this 26th day of October, 2017.

_/s/ Abbie Crites-Leoni_
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE