UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY RUTLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:15CV658 ACL |
| ) | |
| CINDY GRIFFITH, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This closed matter under 28 U.S.C. § 2254 is before the Court on Petitioner Jerry Rutlin's Motion to Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 40.) Respondent has filed a Response in opposition (Doc. 43), and Rutlin has filed a Reply (Doc. 46).

On September 25, 2018, the Court denied Rutlin's Petition, and entered a Judgment of Dismissal. (Docs. 38, 39.) Rutlin now requests that the Court vacate that judgment as to Ground 1 and enter a judgment of acquittal. He argues that the Court should conduct an evidentiary hearing as to Grounds 3 and 5 and, upon hearing, grant him a new trial. Rutlin argues in the alternative that the Court should issue a certificate of appealability as to Grounds 1, 3, and 5.

Motions to alter or amend a judgment brought pursuant to Rule 59(e) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citations omitted). They cannot be used to introduce evidence that could have been offered during the pendency of the motion, or "to raise arguments which could have been raised prior to the issuance of the judgment." *Preston v. City of Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011). A district court has "broad discretion" in determining whether to grant a Rule 59(e) motion. *Briscoe v. Cty. of*

*St. Louis, Mo.*, 690 F.3d 1004, 1015 (8th Cir. 2012).

Rutlin raises the same issues here as he did in his Petition and, to the extent he raises any new issues, the Court may not review them. *Cole v. Roper*, No. 4:10CV197CEJ, 2013 WL 869396, at *1 (E.D. Mo. Mar. 7, 2013). Further, upon a complete and careful review of Rutlin's Motion and the record, the Court finds that Rutlin has failed to establish a manifest error of law or fact, the discovery of new evidence, or an intervening change in the law such that relief pursuant to Rule 59(e) is warranted. Finally, the Court declines to reconsider its previous ruling that Rutlin is not entitled to a certificate of appealability. Rutlin has not made a substantial showing of the denial of a constitutional right, such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that the issues presented were adequate to deserve encouragement to proceed further, *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), or a showing that reasonable jurists would find it debatable whether the Court's procedural rulings are correct. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Amend Judgment (Doc. 40) is **denied**.

Dated: March 29, 2019.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE